IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )        Case No. 04-CR-40043-JLF
                                     )
v.                                   )
                                     )
JASON D. MELTON,                     )
                                     )
        Defendant.                   )

*FILED*

*SEP 11 2006*

*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF ILLINOIS*
*BENTON OFFICE*

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO CERTAIN PROPERTY OF JASON D. MELTON

In Count 3 of the Second Superseding Indictment filed in the above cause on January 5, 2006, the United States sought forfeiture of property of Defendant, Jason D. Melton, pursuant to 21 U.S.C. § 853. The Court, upon consideration of the guilty plea received in this matter, hereby finds by preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property:

**CASH PROCEEDS**
Fifteen thousand dollars ($15,000.00) in United States Currency representing the value of proceeds obtained by the defendant and his co-conspirators in the course of the conspiracy to distribute and possess with intent to distribute a mixture containing methamphetamine as charged in Count 1 of the second Superseding Indictment.

The United States may, at its option, enforce said judgment as a forfeiture judgment with the ability to seek to forfeiture substitute assets; enforce said judgment as an ordinary monetary judgment in favor of the United States by any legal means; or enforce said judgment as a combination of the foregoing as long as the United States does not obtain double recovery in

excess of the total amount of the judgment. The parties stipulate specifically and the Court finds that said $15,000.00 in United States currency, as a result of the acts of said defendant, cannot be located upon the exercise of due diligence and that the requirements for forfeiture of substitute property under 21 U.S.C. § 853(p) have been met.

Further, the court hereby finds that the following property is forfeitable and hereby orders forfeited the following property as substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1):

> All funds or other items of value deposited with or in the custody of the Wayne County Circuit Court as bond money posted with that Court in relation to Case No. 03-CF-221, up to the value of $15,000.00.

The United States shall publish at least once a week for three consecutive weeks in a newspaper of general circulation, notice of this order, notice of the United States Marshal's intent to dispose of said substitute property in such a manner as the Attorney General may direct, and notice that any person other than the defendants who have any or claim any legal interest any of the above-listed forfeited property, must file a petition with the court within thirty (30) days of final publication of the notice or receipt of actual notice, whichever time is earlier.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

2

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall seize and reduce to his possession, if he has not already done so, the above-described property.  If said property is still within the jurisdiction of the State Court, then said seizure shall not occur without the permission of said Court.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is hereby decreed to be final with respect to defendant Jason D. Melton and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case.  Said order is a final order only with respect to said defendant, and said order may be amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

**IT IS SO ORDERED.**

Dated: _____9/11/06_____

_____
JAMES L. FOREMAN
Senior United States District Judge